# ORIGINAL

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 05-481V
Filed:  December 6, 2013
Not to be Published

**FILED**

DEC - 6 2013

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * *
K.M., a minor, c/o BETHIE SIMEUS, as      *
the mother,                               *
                                          *
                  Petitioner,             *
         v.                               *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
                  Respondent.             *
                                          *
* * * * * * * * * * * * * * * * * * * * * * *
```

Autism; Failure to Prosecute;
Failure to Follow Court Orders;
Dismissal.

## DECISION[1]

On April 19, 2005, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"), alleging that her son, K.M., was injured by a vaccine or vaccines listed on the Vaccine Injury Table. See § 14. The case was originally assigned to Special Master Abell. (ECF No. 2.)  It was reassigned to my docket on March 3, 2006. (ECF No. 8.)

On August 22, 2013, my order was filed granting the motion of your (Petitioner's) attorney to withdraw.  On that same date, an additional order was sent that instructed you to inform the court how you wish to proceed in this case.  You were given 30 days to respond.  You failed to respond.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

On September 13, 2013, my order dated August 22, 2013, giving you 30 days to instruct the court on how you wished to proceed, was re-filed due to the court's retrieval of an updated address for you the Petitioner. You were given 30 days to respond. You failed to respond. You were advised that full and timely compliance with all court orders is required, and that failure to file a timely response to that order would lead to the dismissal of your claim.

On September 30, 2013, my order dated September 13, 2013, was returned to the court as undeliverable. (ECF No. 42.) On October 21, 2013, I issued an Order to Show Cause, ordering Petitioner to "show cause," for why this case should not be dismissed for failure to prosecute. (Order, ECF NO. 44.)  That same day, my Order to Show Cause was returned to the court as undeliverable.

On November 12, 2013, I issued an Order regarding a change of caption in this case, and this order was also returned as undeliverable. (Order, ECF No. 45.)

# I

## THE OMNIBUS AUTISM PROCEEDING

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations.  A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the OAP, was set forth in the six entitlement decisions issued by three special masters as "test cases" for two theories of causation litigated in the OAP and will not be repeated here.[2]

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of ASDs.  The first theory alleged that the measles portion of the measles, mumps, and rubella vaccine could cause ASDs.  That theory was presented in three separate Program test cases during several weeks of trial in 2007.  The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD.  That theory was presented in three additional test cases during several weeks of trial in 2008.

---

[2] The Theory 1 cases are *Cedillo v. HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Hazlehurst v. HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Snyder v. HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009).  The Theory 2 cases are *Dwyer v. HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *Mead v. HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

Decisions in each of the three test cases pertaining to the PSC's first theory rejected the petitioners' causation theories. *Cedillo*, 2009 WL 331968, *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst*, 2009 WL 332306, *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder*, 2009 WL 332044, *aff'd*, 88 Fed. Cl. 706 (2009).[3]  Decisions in each of the three "test cases" pertaining to the PSC's second theory also rejected the petitioners' causation theories, and petitioners in each of the three cases chose not to appeal. *Dwyer*, 2010 WL 892250; *King*, 2010 WL 892296; *Mead*, 2010 WL 892248.  Thus, the proceedings in these six test cases are concluded.  Petitioners remaining in the OAP must now decide whether to pursue their cases, and submit new evidence on causation, or take other action to exit the Program. The Petitioner in this case has failed to inform the court how they intend to proceed.

## II

### FAILURE TO PROSECUTE

It is Petitioner's duty to ensure the court has a valid address to which it can send filings.  Failure to respond to a court order because Petitioner has failed to update her address of record is deemed noncompliance with a court order, and noncompliance will not be tolerated.  As I reminded Petitioner in my Orders, dated September 13, 2013, and October 21, 2013, failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of Petitioner's claim.  *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

## III

### CAUSATION IN FACT

To receive compensation under the Program, Petitioner must prove either 1) that her son suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that her son suffered an injury that was actually caused by a vaccine.  *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Vaccine Act, a special master cannot find a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion."  § 300aa-13(a) (2006). Petitioner has failed to file sufficient medical records and evidence in this case.  Thus, an examination of the record did not uncover any evidence that Petitioner's son suffered a

---

[3] Petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

"Table Injury."  Further, the record does not contain a medical opinion or any other persuasive evidence indicating that K.M.'s autism spectrum disorder was vaccine-caused.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that K.M. suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.  **This case is dismissed for insufficient proof and for failure to prosecute.  The clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

George L. Hastings, Jr.
Special Master

---

[4] This document constitutes my final "Decision" in this case, pursuant to 42 U.S.C. § 300aa-12(d)(3)(A).  If petitioner wishes to have this case reviewed by a Judge of the United States Court of Federal Claims, a motion for review of this decision must be filed within 30 days.  After 30 days the Clerk of this Court shall enter judgment in accord with this decision.  If petitioner wishes to preserve whatever right petitioner may have to file a civil suit (that is a law suit in another court) petitioner must file an "election to reject judgment in this case and file a civil action" within 90 days of the filing of the judgment. 42 U.S.C. § 300aa-21(a).